**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANETTE M. MOORE; ALANNA HARRISON; ALISA VALDEZ; LATRESA MYERS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs-Appellees,<br><br>LINDSEY LOOMIS,<br><br>        Objector-Appellant,<br><br>  v.<br><br>PETSMART, INC.,<br><br>        Defendant-Appellee. | No.    16-16124<br><br>D.C. No.<br>5:12-cv-03577-EJD<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before:  GRABER and N.R. SMITH, Circuit Judges, and SIMON,** District Judge.

Lindsey Loomis ("Loomis") challenges the district court's approval of a

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

class action settlement and the court's award of attorney's fees. The district court struck Loomis's objections on the ground that her filing, made on the last day to file objections, was unsigned and this omission was not promptly corrected after being called to the attention of Loomis and her counsel. Fed. R. Civ. P. 11(a). The district court also rejected Loomis's objections on the merits. We affirm.

Current and former employees of PetSmart, Inc. ("PetSmart") filed a putative class action alleging various labor-law violations. After mediation, the parties reached an initial class settlement. On February 10, 2015, Plaintiffs moved for final approval of the proposed settlement agreement and for attorney's fees and costs. The court set February 11, 2015, as the final date for any class member to file objections to either the proposed settlement or the requested award of attorney's fees.

Loomis worked as both a pet stylist and in other non-exempt positions between October 2008 and May 2014, making her a member of both settlement classes. On February 11, 2015, the deadline for objections, Loomis filed unsigned objections to both the proposed settlement and the requested fee award. In her objections, Loomis, acting *pro per*, stated: "Please note that I have retained counsel who will be appearing on my behalf and request that I not be personally contacted by any counsel in this matter."

At a March 12, 2015 fairness hearing, attorney Burke Huber appeared on

behalf of Loomis. Huber presented a black-and-white photocopy of Loomis's objection, which had a signature in blue ink and contained a blue "original" stamp. After a discussion with Huber and class counsel, the district court concluded that there was insufficient proof that Loomis's objection was timely filed. The district court then struck Loomis's objection as untimely. The court, however, also considered the merits of Loomis's objections and found them to be unpersuasive. The district court granted Plaintiffs' motion for final approval of the proposed class settlement agreement and granted in part and denied in part Plaintiffs' motions for attorney's fees and costs. Loomis's timely appeal followed.

When a district court strikes an objection and the inquiry is essentially factual, we review for abuse of discretion. *United States v. Mateo-Mendez*, 215 F.3d 1039, 1042 (9th Cir. 2000). We review a district court's approval of a class action settlement for "clear abuse of discretion." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011). We review the court's award of attorney's fees and costs to class counsel, as well as its method of calculation, for abuse of discretion. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015). Accordingly, "we must affirm unless the district court applied the wrong legal standard or its findings of fact were illogical, implausible, or without support in the record." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1162-63 (9th Cir. 2013) (internal quotation marks omitted).

3

Rule 11(a) of the Federal Rules of Civil Procedure provides: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Rule 11 also provides that a "court *must strike* an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*. (emphasis added). Loomis suggests that it is unclear whether objections must be signed. As a document filed with the court, however, the objection is an "other paper" under Rule 11 and, thus, must be signed. The documents that Huber provided to the district court did not reflect the date on which they had been signed. The court noted that Huber provided a black-and-white photocopy of a document dated February 11, 2014. Below this date was a signature in blue ink. As the court stated, if the original document was filed on February 11 and had been signed at that time, then the signature would also appear in black on the black and white photocopy. Huber could not answer the court's question of when his client had signed the document. The court then explained that the information presented left open the factual question of when the document had been signed. Because February 11 was the last date to file objections to the class settlement and because Loomis neither signed the objection on February 11 nor corrected it promptly, the district court struck Loomis's objection as untimely.

On this record, it was not an abuse of discretion for the district court to conclude that there was insufficient evidence to find that Loomis had not timely filed a signed objection. Accordingly, the district court did not err in striking Loomis's objection. Nevertheless, because the district court considered the merits of Loomis's objections, so will we.

Loomis argues that the Pet Stylist Class and the Non-Exempt Employee Class were competing for payments from the same pot of money and that this fact constitutes an inherent conflict of interest between these two classes, such that they may not be represented by the same counsel. PetSmart and class counsel respond that the interests of the two classes are aligned. Each class asserted claims for unpaid wages, failure to provide adequate meal and rest periods, failure to provide adequate wage statements, and waiting-time penalties.

Unlike *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), this case does not involve an attempt to settle both pending claims and future claims. Although the claims of one class purportedly are more valuable than the claims of another class, a difference in value of claims does not necessarily mean that there is a structural, or fundamental, conflict of interest requiring separate counsel. To find that a conflict within a class is fundamental, and thus requires separate counsel, there must be some actual, apparent conflict beyond the mere unequal allocation of settlement funds. When class members disagree over the type or form

of relief sought, or where class members have claims that are vastly different from one another, as in *Amchem*, there may be a fundamental conflict. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) ("[A] conflict between class members regarding the most favorable measure of damages can create a potential conflict of interest between members of the class.").

On the other hand, when class members essentially seek the same thing from the defendant and differ only with respect to the amount or value of their claims, absent vast differences or some other evidence of unfairness, there is no fundamental conflict sufficient to defeat adequacy. *See id.* at 463 (noting that keeping class members together was proper because each group was "allegedly damaged by the fraud" complained of and "the necessity for disposing of all potential claims justifies the inclusion of" both classes). That is the case here. The district court did not abuse its discretion in approving the class action settlement and awarding attorney's fees.[1]

**AFFIRMED.**

---

[1] Loomis's objection to the award of attorney's fees rests solely on the asserted conflict of interest of class counsel. In the absence of such a conflict, the challenge to the award of fees necessarily fails.